State ex rel. Atkinson *vs.* Jumel.

besides there were witnesses present who had sworn to what he expected to prove by those who were absent; and in addition thereto when the testimony expected to be obtained would not exculpate the accused.

APPEAL from the District Court for Iberville. McVEA, J.

*Lamon*, District-Attorney for the State. *Lauve* for Defendant.

DE BLANC, J., delivered the opinion affirming the judgment.

No. 7313.

THE STATE EX REL. J. J. ATKINSON ET AL. VS. A. JUMEL, AUDITOR.

The Act of the Legislature, directing that the surplus of proceeds of any tax sale shall be deposited in the State Treasury to the credit of the owner of the sold property, is a specific appropriation of the sum thus deposited to the owners, and authorizes the Auditor to warrant for it in favor of them or their representatives.

APPEAL from the Third District Court of New Orleans. MONROE, J.

*Breaux, Fenner & Hall* for Plaintiff. The Attorney-General for Defendant Appellant.

SPENCER, J. On 21st of December, 1872, the tax collector of St. Mary paid into the treasury of the State, $1,440.35, being the amount in excess of the taxes, penalties and costs, resulting from a tax sale of the property of W. and A. S. Hayes. This payment was made, under sec. 60 of Art. 42 of 1871, which directs that "after deducting from the proceeds of any (tax) sale, the taxes due, together with all penalties, costs and charges, the surplus shall be deposited in the treasury to the credit of the owner of such property.

The relators are the parties to whom said fund belongs and the amount is still in the treasury. They ask that the Auditor draw and the Treasurer pay a warrant for the amount.

The Auditor doubts his right to warrant for the same without further and specific legislative action, since the Constitution and laws forbid his drawing warrants except "in pursuance of specific appropriations made by law."

The Act of 1871, above quoted, does specially appropriate and set apart this $1,440.35 to the relators.

It directs that it be deposited in the treasury for them and to their credit. Any diversion thereof, by the State to other uses, would be simply an act of spoliation, by a trustee or depositary. It is a particular fund, set apart and appropriated to specific persons, to wit: H. and A. S. Hayes, and their representatives. There is no dispute that relators are the parties entitled to the fund.

The court *a quo* made the *mandamus* peremptory. That decree is correct and is affirmed with costs.